**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DANIEL RIGGS,

                              Plaintiff,                5:25-cv-515
                                                (ECC/MJK)

v.

CITY OF SYRACUSE,

                              Defendant.

---

DANIEL RIGGS,

                              Plaintiff,                5:26-cv-316
                                                (ECC/MJK)

v.

CITY OF SYRACUSE, DETECTIVE
LEONARD BROWN, and MICHAEL DIXON,

                              Defendants.

---

Woodruff Lee Carroll, Esq., *for Plaintiff*
Todd M. Long, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Daniel Riggs commenced an action against Defendant the City of Syracuse (the City) in New York state court on March 15, 2025, asserting state and federal claims for false arrest and malicious prosecution. *See* Dkt. No. 2 (Complaint). On April 28, 2025, the City removed the action to this Court, where it was given case number 5:25-cv-515 (*Riggs I*). On October 16, 2025, the City moved for a judgment on the pleadings dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 15. Plaintiff opposed the City's motion and moved for leave to file an amended complaint. *See* Dkt. Nos. 22, 23, 24, 27.

Separately, on February 25, 2026, Plaintiff commenced a second action in this Court against the City and City employees Leonard Brown and Michael Dixon. *Riggs v. City of Syracuse, et al.*, No. 5:26-cv-316 (*Riggs II*). The complaint in *Riggs II* is nearly identical to the proposed amended complaint Plaintiff seeks leave to file in *Riggs I*.

For the following reasons, Plaintiff's motion for leave to file an amended complaint in *Riggs I* is granted, and the City's Rule 12(c) motion for judgment on the pleadings is denied as moot. Further, in the interest of judicial economy and efficiency, the Court *sua sponte* consolidates *Riggs I* and *Riggs II*.

## I.    BACKGROUND

### A.    *Riggs I*

#### 1.    Plaintiff's Complaint

Plaintiff's Complaint generally alleges that he was arrested on February 27, 2023 and thereafter prosecuted, all without probable cause. *See* Dkt. No. 2. Plaintiff's claims against the City are for (1) false arrest in violation of the Fourth Amendment; (2) malicious prosecution in violation of the Fourth Amendment; (3) common law false arrest; (4) common law malicious prosecution; and (5) violations of "Article One paragraph 1 and Article[ ] Twelve" of the New York State Constitution. *See id.* In response to the City's Rule 12(c) motion, Plaintiff expressly withdrew his "common law false arrest claim" and clarified that he "never pleaded" a *Monell* claim which would support liability against the City under 42 U.S.C. § 1983. Dkt. No. 22-1 at 3.[1]

#### 2.    Proposed Amended Complaint

Plaintiff's proposed amended complaint is based on the same underlying arrest and prosecution and seeks to add Detective Leonard Brown and Michael Dixon as Defendants. *See*

---

[1] Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

Dkt. No. 24. The proposed pleading asserts claims for (1) false arrest in violation of the Fourth Amendment; (2) malicious prosecution in violation of the Fourth Amendment; and (3) common law malicious prosecution. *See id.*

###### B.    *Riggs II*

After filing the motion for leave to amend, Plaintiff commenced *Riggs II*, a separate plenary action, by filing a complaint which is virtually identical to the proposed amended complaint in *Riggs I*. *See Riggs II*, Dkt. No. 1. All three Defendants were served in *Riggs II*, and they requested an extension of time to respond to the complaint to "allow Plaintiff to consider voluntarily dismissing" *Riggs II* to avoid further motion practice. *Riggs II*, Dkt. No. 6. Defendants answered the complaint on May 28, 2026, Dkt. No. 10, and there presently is no application pending in *Riggs II*.

## II.    MOTION FOR LEAVE TO AMEND

In response to the City's Rule 12(c) motion in *Riggs I*, Plaintiff moved for leave to file an amended complaint. Dkt. No. 23. Plaintiff asserts that the City's motion "identified a number of things that needed correcting in the complaint," which was drafted for state court, and that counsel hoped to resolve the case without naming the individual police officers. Dkt. No. 23-1. The City opposes Plaintiff's motion for leave to amend, arguing that Plaintiff has not shown good cause for seeking leave after the deadline to do so in the Court's scheduling order and that the proposed amendments are futile. Dkt. No. 27 at 10-16.[2]

---

[2] The City also argues that Plaintiff failed to comply with this District's Local Rules and failed to provide a redline showing the changes made to the Complaint. Dkt. No. 27 at 12-13. Given the brevity of both the Complaint and the proposed amended complaint, the Court declines to deny the motion for leave to amend on this basis. *See Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000) (noting that a district court "enjoy[s] the discretion to excuse [a party's] non-compliance with the Local Rules (which are not statutes) in the interest of justice").

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Under Rule 15(a), with exceptions not relevant here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)-(2). A court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party*." MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (citation omitted).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Despite the "lenient standard" of Rule 15(a), a district court does not abuse its discretion in denying leave to amend after the scheduling order's deadline "where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The "primary consideration" in determining whether a scheduling order should be modified is "whether the moving party can demonstrate diligence," but other relevant factors include "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244. A district court has "broad discretion in deciding whether good cause exists to amend the scheduling order." *Tatintsian v. Vorotyntsev*, No. 16-cv-7203, 2024 WL 4467626, at *1 (S.D.N.Y. Oct. 9, 2024) (citation omitted).

Here, the Court concludes that there is good cause for modification of the scheduling order to allow Plaintiff leave to file the proposed amended complaint given the unique circumstances of this case. The scheduling order was issued on May 29, 2025 and set a deadline of July 9, 2025 for

joinder of parties and amendment of pleadings. Dkt. No. 11. But the City did not file its Rule 12(c) motion until October 2025, after that deadline had passed. Dkt. No. 15. Thus, where Plaintiff moved promptly for leave to amend his complaint in response to the City's Rule 12(c) motion, which was itself filed after the scheduling order's deadline for amendment, the Court concludes that Plaintiff has been sufficiently diligent. *See Dawkins v. Brandy Library Lounge, LLC*, No. 23-cv-207, 2023 WL 8455896, at *3-4 (E.D.N.Y. Dec. 6, 2023) (finding good cause for the plaintiff to amend his complaint after the scheduling order deadline where the plaintiff was not on notice that the defendant intended to raise standing as an issue, the plaintiff filed the proposed amended complaint shortly after the Rule 12(c) motion was filed, and the defendant would not be prejudiced by the amendment).[3]

Furthermore, the Court concludes that the City will not be prejudiced by the amendment. Significantly, although it appears the parties have exchanged their mandatory initial disclosures, the parties told the Court at a telephone conference held on May 12, 2026 that no other discovery has been exchanged or completed. *See also* Dkt. No. 16 (City's request to stay discovery and mediation deadlines pending resolution of its Rule 12(c) motion). There therefore will be minimal or no duplication of effort. Moreover, the claims Plaintiff seeks to assert against the individual Defendants are not facially time-barred.

Finally, although the City argues that Plaintiff's proposed amendments are futile, Dkt. No. 27 at 15, the City has not established the futility of the proposed amended complaint as a matter of law. *See Coniglio v. Cucuzza*, 345 F.R.D. 372, 377-78 (E.D.N.Y. 2024) (noting that the "burden

---

[3] Even if Plaintiff had not acted diligently in complying with the scheduling order, the Court nonetheless has discretion to grant a motion to amend in "appropriate circumstances." *See Jones v. Abel*, No. 25-cv-779, 2026 WL 836798, at *2-3 (S.D.N.Y. Mar. 26, 2026) (citations omitted). Here, given the lack of prejudice to the City, and the pendency of *Riggs II*, the Court would nonetheless grant the motion to amend.

of proving futility rests on the party opposing the amendment"). The City's opposition argues that the proposed amended complaint fails to state a claim, but its argument relies on facts that are alleged in the complaint but which are not found in the proposed amended complaint. *See, e.g.*, Dkt. No. 27 at 17-18. Thus, because the City has not demonstrated the futility of the proposed amended complaint as a standalone pleading, the Court declines to deny the motion to amend on futility grounds.

Accordingly, the Court grants Plaintiff's motion for leave to file an amended complaint in *Riggs I*.

## III.    CONSOLIDATION OF *RIGGS I* AND *RIGGS II*

Because the proposed amended complaint in *Riggs I* and the complaint in *Riggs II* are virtually identical, the Court *sua sponte* consolidates *Riggs I* and *Riggs II* for all purposes. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (noting that a "district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*") (citation omitted). Consolidation is "acceptable" when "actions involving a common question of law or fact are pending before the court" and is a "valuable and important tool of judicial administration." *Id.* (citations omitted).

In deciding to consolidate *Riggs I* and *Riggs II*, the Court has considered "both equity and judicial economy." *Id.* Given (1) that *Riggs I* and *Riggs II* involve the same parties and causes of action, (2) that the proposed amended complaint being allowed in *Riggs I* and the complaint in *Riggs II* are virtually identical, and (3) the lack of any meaningful progress of the case in *Riggs I*, the consolidation of the two actions will result in "savings of expense and gains of efficiency" without "sacrifice of justice." *Id.* (emphasis omitted); *see also, e.g.*, *Rapaport v. Epstein*, No. 24-cv-7439, 2025 WL 966794, at *15 (S.D.N.Y. Mar. 31, 2025) (determining that consolidation was appropriate "in the interest of efficiency and economy" where the court "granted Plaintiff leave to

amend certain claims in this action, and Plaintiff has been given an opportunity to elect to file another complaint in the Related Action"); *Campbell v. Sposato*, No. 15-cv-1958, 2015 WL 3648624, at *1-2 (E.D.N.Y. June 8, 2015) (consolidating "identical complaints [that] are duplicative").

The Clerk of the Court is respectfully directed to docket any future filings under the docket number of the lead case only, 5:25-cv-515.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff Daniel Riggs's motion for leave to file an amended complaint in *Riggs I*, Dkt. No. 23, is **GRANTED** and Plaintiff's amended complaint, Dkt. No. 24, is accepted for filing as the operative pleading in *Riggs I*; and it is further

**ORDERED** that Plaintiff Daniel Riggs is directed to serve the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Defendant the City of Syracuse's motion for a judgment on the pleadings dismissing the Complaint in *Riggs I*, Dkt. No. 15, is **DENIED as moot**; and it is further

**ORDERED** that *Riggs I* (No. 5:25-cv-515) and *Riggs II* (No. 5:26-cv-316) are **CONSOLIDATED** for all purposes; and it is further

**ORDERED** that these consolidated actions be referred to Magistrate Judge Mitchell J. Katz for case management purposes.

**IT IS SO ORDERED.**

Dated: June 12, 2026

Elizabeth C. Coombe
U.S. District Judge